IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

01 JUN 13 AM 11:05

[Clerk signature]
CLERK-ALBUQUERQUE

| | |
|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY, | |
| Plaintiff, | |
| vs. | No. CIV |
| MANUEL BARRERA and GARLIN WILLINGHAM, | CIV-01 0662 |
| Defendants. | LESLIE C. SMITH |
| | Karen B. Molzen |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, United States Fidelity & Guaranty Company ("USF&G") by and through its counsel of record, Miller, Stratvert & Torgerson, P.A., and for its complaint against the Defendants for declaratory relief states to the Court as follows:

### GENERAL ALLEGATIONS AND JURISDICTIONAL STATEMENT

1. This is an action for declaratory judgment as authorized by 28 U.S.C. §2201 and the Federal Rules of Civil Procedure, Rule 57.

2. The subject of this lawsuit is an actual controversy between the parties concerning the underinsured motorist coverage provided by USF&G to Defendants for injuries arising out of a March 12, 1996 motor vehicle accident which occurred in Eddy County, New Mexico.

3. Jurisdiction is conferred on this Court by 28 U.S.C. §1332 in that complete diversity of citizenship exists between Plaintiff and the Defendants, and the amount in controversy exceeds the jurisdictional minimum, exclusive of costs and interest as set forth in 28 U.S.C. §1332, as amended.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

5. USF&G is a Maryland corporation licensed to conduct business in the State of New Mexico.

6. Defendant Manuel Barrera, upon information and belief is a resident of Artesia, Eddy County, New Mexico.

7. Defendant Garlin Willingham, upon information and belief is a resident of Artesia, Eddy County, New Mexico.

## COUNT I

8. The allegations of paragraphs of 1 through 7 are incorporated herein by reference as though set forth in full.

9. On or about March 12, 1996 Defendants were involved in a motor vehicle accident at the intersection of U.S. 285 and CR 110 ("the subject accident").

10. Upon information and belief, the subject accident occurred when a vehicle driven by Glenn Voss entered the intersection and Defendant Manuel Barrera served to avoid the Voss vehicle, left the roadway and turned over the vehicle he was operating. At the time of this accident, Defendant Barrera was operating a 1989 Mack semi-truck owned by his employer, Navajo Refining Trucking. Defendant Willingham was a passenger in that vehicle.

11. Defendants have asserted that Mr. Voss was legally liable for injuries incurred as a result of this accident and have settled with Mr. Voss and his liability insurance carrier, State Farm, for the total sum of Fifty Thousand Dollars ($50,000), Twenty Five Thousand Dollars ($25,000) each.

12. At the time of this accident there was in force policy #1AB 300749933 00 issued by Plaintiff to Defendants' employer, Navajo Refining Trucking ("the subject policy").

13. The subject policy provided coverage, pursuant to its terms, for scheduled vehicles owned by Navajo Refining Trucking. The subject policy included uninsured motorists coverage with limits of Two Hundred Fifty Thousand Dollars ($250,000) per accident. (A copy of the policy is not enclosed due to its volume, but is available for inspection at the office of Plaintiff's counsel of record herein. It is further believed that Defendants are in possession of a copy of the policy.)

14. In relevant part, the subject policy defines an insured for purposes of uninsured motorists coverage as follows:

> The following are "insureds" for UNINSURED MOTORISTS COVERAGE:
>
> 1. Any Class 1 "insured," meaning you, if you are an individual. If you are an individual, your "family member": is also a Class 1 "insured."
>
> 2. Any Class 2 "insured," meaning:
>
>    a. You, if you are not an individual;
>
>    b. Anyone other than a Class 1 "insured" while "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction. Anyone other than a Class 1 "insured" includes your partners, employees, directors or shareholders;

15. The word "you" is defined in the subject policy to mean Navajo Refining Trucking. Navajo Refining Trucking is listed in the declarations as a corporation.

16. The 1989 Mack truck occupied by Defendants at the time of this accident was among the scheduled vehicles covered under the subject policy. Defendants, therefore, qualify as Class 2 insureds by virtue of their occupancy of a covered vehicle.

17. The policy additionally provides for limits of uninsured motorists coverage as follows:

> a. The most we will pay for all damages sustained in such "accident" by a Class 2 "insured" is that "insured's" pro rata share of the limit shown in the Schedule or Declarations for this coverage, at the time of the "accident."

18. Pursuant to the terms of the policy and New Mexico law, the uninsured motorists limits of Two Hundred Fifty Thousand ($250,000) are subject to an offset equal to the sum of all liability coverage applicable to all concurrent tortfeasors liable for the injuries claimed by Defendants. At a minimum, therefore, Plaintiff is entitled to an offset of the Fifty Thousand Dollars ($50,000) previously recovered by Defendants from Mr. Voss and his liability carrier, State Farm.

19. Pursuant to the terms of the policy, stacking does not apply and the maximum amount of uninsured motorists benefits Defendants may recover as a result of injuries incurred in the subject accident is Two Hundred Fifty Thousand Dollars ($250,000) minus any applicable liability offsets.

20. Nonetheless, Defendants have asserted that they are entitled to stack uninsured motorists coverage so that coverage limits would be multiplied by each vehicle covered under the subject policy, or in the alternative, that stacking should apply to the trailer attached to the 1989 Max semi-truck at the time of this accident. It is Plaintiff's position that stacking does not apply.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor declaring that Defendants are not entitled to stack uninsured motorist coverage; and that underinsured limits for the subject accident are Two Hundred Fifty Thousand Dollars ($250,000) minus all applicable liability offsets. Plaintiff additionally requests that the Court award it its costs and such other and further relief as the Court deems proper.

MILLER, STRATVERT & TORGERSON, P.A.

By_____
Rudolph A. Lucero
Attorneys for Plaintiff
PO Box 25687
Albuquerque, NM 87125-0687
505/842-1950
Fax: 505/243-4408

\\EAGLE\CLIENTS\59\27224\Complaint060801.doc