IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES FIDELITY &
GUARANTY COMPANY,

    Plaintiff,

v.                                              CIV 01-0662 WJ/KBM

MANUEL BARRERA, and
GARLIN WILLINGHAM,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court pursuant to Defendants' Motion for Stay of Proceedings Pursuant to 9 U.S.C.A. § 3 Or Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Docket No. 8) (hereinafter Motion for Stay).[1] For the reasons stated below, I am denying Defendants' motion.

**DISCUSSION**

Plaintiff issued an insurance policy to Defendants' employer, Navajo Refining Trucking. The policy provided coverage for scheduled vehicles owned by Navajo, and this coverage included uninsured and underinsured motorist coverage. On March 12, 1996, Defendants occupied a covered vehicle and were in a motor vehicle accident. The insurance carrier for the driver of the other vehicle paid a claim for the policy limits of that driver's coverage. Plaintiff filed a Complaint for Declaratory Judgment asking that this Court find that stacking does not apply to Plaintiff's

---

[1] Defendants' Motion states that Navajo had filed a motion to intervene and that Navajo joins Defendants' Motion. There is no record in this case that Navajo has filed a Motion to Intervene.

coverage of the Defendants and that Plaintiff is entitled to an offset equal to the sum already recovered by Defendants from the other driver's insurance carrier.

Defendants filed their Motion for Stay asking the Court to stay proceedings, or alternatively to dismiss Plaintiff's claim. As grounds for the motion, Defendants state that Plaintiff is required to arbitrate the issue of stacking. Defendants argue that arbitration is required by New Mexico law based on the mandatory form of endorsement for uninsured motorist coverage found in regulations promulgated by the New Mexico Superintendent of Insurance. See Plaintiff's Exhibit 3 (N.M. Ins. Dept. Reg. Ch. 66 § 5-4-1-2 (1990-91)).[2] Defendants point out that this Court must apply state law to this case, and so must order arbitration because arbitration is required under state law. Defendants additionally argue that the "liberal federal policy of the [Federal Arbitration Act] favoring arbitration agreements is applied by the federal courts to cases brought before them notwithstanding any state substantive or procedural policies to the contrary." Defendants' Memorandum in Support of Motion for Stay (citing <u>Moses H. Cone Memorial Hospital v Mercury Construction Corp.</u>, 460 U.S. 1 (1983)). In their Reply, Defendants expanded this argument by stating that, even if the mandatory form of endorsement language does not apply in this case, the actual language in the insurance contract between Plaintiff and Navajo requires arbitration because the language is ambiguous, and the FAA requires arbitration when such language is ambiguous.

Plaintiff argues that the language in the New Mexico mandatory form of endorsement for uninsured motorist coverage does not apply in this case because Plaintiff received permission from

---

[2]This regulation was in force from 1990 until 1997 when the new regulations, N.M. Admin. Code § 13.12.3, became effective.

the Superintendent of Insurance, in accordance with regulations, to depart from the mandatory form. Plaintiff also argues that the mandatory form of endorsement language does not apply because it is archaic and many of its provisions have been stricken by New Mexico courts. Additionally, Plaintiff points out that the uninsured motorists regulations, on their face, apply to uninsured motorists, but make no mention of underinsured motorists. Alternatively, Plaintiff argues that, even if the language in the mandatory form of endorsement applies, that language does not require arbitration in this case because the issue in this case is a coverage issue and not an issue of the amount of damages.

Plaintiff filed a motion for leave to file a sur-reply stating that Defendants had raised issues in their Reply that were not raised in their initial briefs. Specifically, Plaintiff asserted that Defendants had not argued the issue of the insurance contract language being ambiguous regarding the scope of the arbitration provision. Plaintiff's motion was denied.

I.  DOES STATE LAW REQUIRE THAT PLAINTIFF AND DEFENDANTS ARBITRATE THE DISPUTED ISSUE OF STACKING FOR DEFENDANTS?

The uninsured motorists regulations issued by the New Mexico Superintendent of Insurance that were in force at the time Plaintiff and Navajo entered into their insurance agreement provides a mandatory form of endorsement, and all policies issued in New Mexico were required to contain the provisions within that mandatory form. N.M. Ins. Dept. Reg. Ch. 66 § 5-4-1-2. One of the conditions found within the mandatory form requires that parties arbitrate certain types of disputes at the request of either party. Id. When the party making a claim and the insurance company do not agree that the claiming party is entitled to recover damages, or do not agree on the amount payable, arbitration is mandatory at the request of either party. Id. The mandatory form

further provides for optional arbitration, upon agreement of the parties, of any disputed claim. Id. Notwithstanding the mandatory form of endorsement, the regulations provide that any insurance company may file an endorsement which, in the opinion of the Superintendent of Insurance, is more favorable to the policyholder than the provisions in the mandatory form of endorsement. N.M. Ins. Dept. Reg. Ch. 66 § 5-4-1-3.

The form of endorsement in the insurance contract between Plaintiff and Navajo departs from the mandatory form. Plaintiff, in its Reply, argued and provided evidence that the form of endorsement it used in its policy with Navajo was approved by the Superintendent of Insurance. Exhibit 1 to Plaintiff's Response. Because the regulations specifically provide that an insurance company may file a form of endorsement that departs from the mandatory form provided the Superintendent of Insurance approves the departure, I find that the provisions of the mandatory form are inapplicable to this case. I need not decide, then, whether the mandatory form of endorsement requires arbitration of the stacking issue.

II. DOES THE INSURANCE CONTRACT LANGUAGE COUPLED WITH THE FEDERAL ARBITRATION ACT REQUIRE THAT THE ISSUE OF STACKING BE ARBITRATED?

Defendants argue that, even if the mandatory form of endorsement did not apply in this case, the language of the insurance contract itself coupled with the federal policy in favor of arbitration requires that the issue of stacking in this case be arbitrated. Defendants state that the language of the contract is ambiguous as to whether it requires arbitration of the issue of stacking. When the contract language regarding the scope of arbitration is ambiguous, Defendants urge that the Court must assume that arbitration does apply both because the contract must be construed in favor of the insured and because federal policy favors arbitration. Defendants did raise the federal

4

policy in favor of arbitration in their initial briefs. However, they made no argument that the language of the insurance contract between Navajo and Plaintiff was ambiguous. This argument was first raised in Defendants' Reply brief. Thus, I believe it would be proper for me to decline to address this particular argument. See F.D.I.C. v Noel, 177 F.3d 911, 915 (10th Cir. 1999). However, in order to eliminate any potential doubt of the grounds for my denial of Defendants' motion, I will address this issue.

The language of the insurance contract between Navajo and Plaintiff states that a matter **may** be arbitrated when the insurance company and an insured disagree whether the insured is entitled to recover damages or do not agree as to the amount of damages. (emphasis added). Exhibit 1 to Defendants' Motion for Stay. The contract also states, in the same paragraph, that disputes concerning whether there is coverage may not be arbitrated. Id. The contract provides that both parties must agree to arbitration. Id.

Defendants argue that the language of the contract is ambiguous as to whether a dispute over stacking falls within the arbitration provision because a dispute over stacking is a dispute over the amount of damages recoverable as opposed to a dispute over coverage. Whether or not there is any ambiguity as to whether the arbitration clause applies to a dispute over stacking, the contract language clearly and unambiguously requires that both parties agree to any arbitration. Plaintiff in this case did not agree to arbitrate. Therefore, this Court cannot impose arbitration based on the language of the contract.

IT IS THEREFORE ORDERED that Defendants' Motion for Stay of Proceedings Pursuant to 9 U.S.C.A. § 3 or Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE